IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>ARMANDO MEZA,<br><br>       Defendant. | CASE NO. 1:09-CR-00349-001 AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

  The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant was sentenced to the statutorily required minimum sentence and the Court is without authority to reduce his sentence further. The United States is correct. The Court will deny the defendant's motion.

  Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

///

types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

In this case, the drug quantity attributable to the defendant was a minimum of 550 grams of a substance containing at least 75 grams of actual methamphetamine, providing a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4) (2009). The sentencing court applied a two-level, aggravating-role enhancement, U.S.S.G. § 3B1.1(c), and a three-level downward departure for acceptance of responsibility, U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 31. The defendant's criminal history category was I. The sentencing range according to that guidelines calculation was 120 to 135 months. The sentencing court sentenced the defendant to 120 months in prison, the lowest sentence the Court could impose in light of the mandatory minimum of imprisonment for the drug conviction. *See* 21 U.S.C. § 841(b)(1)(A)(viii). While the offense level in the defendant's case may have been lowered, due to the operation of U.S.S.G. § 5G1.1(b) and the statutory minimum sentence in this case, the defendant's amended guideline range is 120-months. The floor of his original guideline range was 120 months. Therefore, the defendant's guideline range has not been lowered by the amendments to the sentencing guidelines. The defendant is not eligible for a reduction and the Court is precluded by the statutory minimum sentence from reducing the defendant's sentence. Because the defendant's sentence was not based on "a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather, was based on the statutory mandatory minimum under Title 21, United States Code, Section 841(b)(1)(A), the Court may not reduce the sentence further. *United States v. v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009).

IT IS HEREBY ORDERED that defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   April 7, 2017                                   _____
                                                          SENIOR DISTRICT JUDGE